IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHANIEL YORK AND TAMARA YORK, d/b/a York Sign Shop,<br><br>*Plaintiff,*<br><br>v.<br><br>CASTLE ROCK IP HOLDING, LLC, and ALEXANDROS ANASTASIADIS,<br><br>*Defendants.* | Case No: _____<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Nathaniel York and Tamara York, d/b/a York Sign Shop (hereinafter "York Sign Shop" or "Plaintiff") file this Verified Complaint against Castle Rock IP Holding, LLC (hereinafter "Castle Rock") and Alexandros Anastasiadis (together hereinafter "Defendants") for: declaratory judgment of non-infringement of U.S. Design Patent Nos. D698,279 ("the '279 patent"), D722,916 ("the '916 patent"), and D722,917 ("the '917 patent") (collectively, "the patents-at-issue"); declaratory judgment of invalidity for the '279 patent; intentional interference with business relationships; and unfair competition arising from actions undertaken by Defendants. York Sign Shop seeks immediate injunctive relief in the form of a Preliminary Injunction prohibiting Defendants from submitting notice of claimed infringement of U.S. Design Patent Nos. D698,279, D722,916, or D722,917 or any related patents to third-party website Etsy.com for products sold by York Sign Shop. York Sign Shop alleges as follows:

1

## THE PARTIES

1. Nathaniel York and Tamara York are Tennessee citizens residing at 4549 Old Highway 28, Crossville, TN 38555. Nate and Tamara York co-own and do business as York Sign Shop, an online store with its principal place of business at 4549 Old Highway 28, Crossville, TN 38555. York Sign Shop sells customizable medal holders, signs, and gifts via an Etsy.com storefront, accessible at: https://www.etsy.com/shop/YorkSignShop.

2. On information and belief, Castle Rock IP Holding, LLC is an Arizona corporation with its principal office at 105 Castle Rock Trail, Sedona, AZ 86336. On information and belief, it was formed on or around October 23, 2015, and its registered agent is Li-Jen Shen. On information and belief, the sole manager and member of Castle Rock is Alexandros Anastasiadis.

3. On information and belief, Alexandros Anastasiadis is an Arizona citizen residing at 105 Castle Rock Trail, Sedona, AZ 86336. On information and belief, Alexandros Anastasiadis operates with his wife, Melianna Anastasiadis, Running on the Wall, an online storefront with its principal place of business at 105 Castle Rock Trail, Sedona, AZ 86336. On information and belief, Running on the Wall sells running-themed goods in competition with York Sign Shop via the website http://www.runningonthewall.com/ and the Etsy.com storefront https://www.etsy.com/shop/runningonthewall.

## JURISDICTION AND VENUE

4. This is an action seeking declaratory judgment of non-infringement of the patents-at-issue; and for declaratory judgment of invalidity of the '279 patent.

5. This Complaint arises under the Declaratory Judgment Act, 28 U.S.C. §§2201–02, and under the Patent Laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction over this action under 35 U.S.C. §§ 1331, 1338, and 2201.

2

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims which arise under the laws of the State of Tennessee since those claims are so closely related to the assertion of infringement that the state law claims rely on many of the same operative facts. Because the claims arising under the laws of Tennessee require a legal finding of non-infringement or invalidity of the patents-at-issue, the claims form part of the same case or controversy under Article III of the United States Constitution.

7. In the alternative, this court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8. This court has personal jurisdiction over Defendants because, on information and belief, Defendants do substantial business in this District and regularly solicit business from, do business with, and derive revenue from goods and services provided to customers in this District. Furthermore, on information and belief, Defendants intentionally interfered with York Sign Shop's business relationship with Etsy.com, formed by contract executed in this District, and engaged in acts of unfair competition affecting York Sign Shop, a business operating in this District.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants engage in business activities in this District and as set forth above.

## FACTS

10. This Complaint relates to the patents-at-issue, each entitled "Runner's Plaque," each issued to Alexandros Anastasiadis as the inventor, and each assigned to Castle Rock. Copies of the patents-at-issue are attached hereto as Exhibits A–C, respectively.

3

11.  Etsy, Inc., a New York corporation, ("Etsy") operates the website https://www.etsy.com and provides individuals and small businesses with online storefronts to sell goods via its website to consumers across the United States, including consumers residing in the Middle District of Tennessee.

12.  As part of its Terms of Use, Etsy has an Intellectual Property Policy by which all sellers must abide, which states that it will remove or disable access to allegedly infringing material for sale on online store pages. Etsy's Intellectual Property Policy further states that it terminates account privileges of members that are subject to repeat notices of intellectual property infringement. A copy of the Intellectual Property Policy is attached as Exhibit D.

13.  York Sign Shop sells customizable medal holders, signs, and running gifts via its Etsy store, including various wall displays for medals and race bibs generally awarded to participants of running races.

14.  On information and belief, Defendant Alexandros Anastasiadis and his wife, Melianna Anastasiadis, operate a competing Etsy storefront, Running on the Wall, which sells running-themed goods including wall displays for medals and race bibs. They also operate an independent web-based storefront selling similar goods.

15.  Defendant Alexandros Anastasiadis is the named inventor and first assignee of the patents-at-issue. The '916 patent is a continuation-in-part of the '279 patent.

16.  The patents-at-issue share at least one claimed design feature: a substantially planar surface with L-shaped hooks arranged in a specific trapezoidal fashion with the smaller length of the parallel lines at the top, the L-shaped hooks arranged for the hanging of a race bib. In addition, the '916 and '917 patents claim two rows of staggered, alternating L-shaped hooks arranged for the hanging of race medals. The patents-at-issue only claim the hooks and their

4

arrangements, as drawn in solid lines. The remainder of the figures disclosed in the patents-at-issue appear as broken lines. The patents-at-issue contain express statements that the broken lines, e.g., those showing text, a runner's bib, and a hanging aperture, depict environmental matter and form no part of the claimed design.

17. Because the '916 patent claims the L-shaped hooks arranged for the hanging of a race bib in the same configuration as its parent, the '279 patent, an article that infringes the '916 patent necessarily infringes the '279 patent.

18. York Sign Shop sells displays for medals and race bibs including the allegedly infringing products which use (1) two metal binder clips instead of four trapezoidally arranged L-shaped hooks for the hanging of a race bib and (2) a single row of non-alternating L-shaped hooks for the hanging of race medals. York Sign Shop sells the allegedly infringing products in two primary configurations that are painted in different colors and feature different text. Two examples of each primary configuration are attached as Exhibits E.

19. Consumers may purchase an optional second row of hooks with York Sign Shop medal and race bib displays. When the optional second row of hooks is added to products, it is added in an opposite configuration from the configuration disclosed in the '916 and '917 patents. Specifically, the smaller configuration features five hooks on the top row and four hooks on the bottom row as opposed to four hooks on top row and five hooks on the bottom row. The larger configuration features a trapezoidal arrangement of ten hooks on the top row and nine hooks on the bottom row as opposed to a parallelogram arrangement of eight hooks on the bottom row and eight hooks on the top row, with the top row staggered to the right of the bottom row.

20. Over the course of the year, greater than fifty percent of York Sign Shop's sales of the products that allegedly infringe the patents-at-issue occurred during the months of October through December, coinciding with the holiday shopping season.

21. On October 19, 2015, Etsy notified York Sign Shop that it had received a notice of patent infringement from Alexandros Anastasiadis alleging that eight of York Sign Shop's listed items infringed the '917 Patent. Etsy's notice listed Li-Jen Shen, a registered patent attorney and associate of Venjuris, PC as Alexandros Anastasiadis' representative. A copy of Etsy's notification is attached as Exhibit F.

22. On October 21, 2015, Etsy notified York Sign Shop that it had received a second notice of patent infringement from Alexandros Anastasiadis alleging that thirty-four additional items infringed the '916 Patent. Etsy's second notice also listed Li-Jen Shen as Alexandros Anastasiadis' representative. A copy of Etsy's second notification is attached as Exhibit G.

23. In accordance with these notices, Etsy deactivated the allegedly infringing listings and instructed York Sign Shop not to re-activate the material unless it resolved the issue with the notifying party. On information and belief, Etsy's policy is to automatically remove or disable access to the allegedly infringing material with no opportunity for the seller affected to oppose the removal. Etsy further warned in both notices that repeat notices of infringement could result in the loss of account privileges and result in the termination of York Sign Shop's Etsy store.

24. On October 30, 2015, counsel for York Sign Shop e-mailed and mailed via FedEx a letter ("the October 30 letter") to Li-Jen Shen explaining in detail the non-infringement of the patents-at-issue and invalidity of the '279 patent. The letter requested an affirmative response within five business days of receipt as to whether Alexandros Anastasiadis would continue to file

6

improper infringement notices with Etsy, stating that no response would be construed as acquiescence to reinstatement of the products. The October 30 letter is attached as Exhibit H.

25. The October 30 letter was physically received by Li-Jen Shen's office, Venjuris, PC, on November 2, 2015. A FedEx confirmation of receipt is attached as Exhibit I.

26. One day after receipt of Exhibit H, on November 3, 2015, and without notice to York Sign Shop, Alexandros Anastasiadis assigned the patents-at-issue to Castle Rock. The United States Patent and Trademark Office record of the assignment is attached as Exhibit J.

27. On November 9, 2015, York Sign Shop had not received any response from Defendants or Li-Jen Shen and reinstated its products on the belief and reliance that Defendants acquiesced to reinstatement of the products.

28. On November 13, 2015, Etsy notified York Sign Shop that it had received a third notice of patent infringement, now from Castle Rock, alleging that twenty-six of York Sign Shop's listed items infringed the '916 Patent. Etsy's notice listed Li-Jen Shen as Castle Rock's representative. A copy of Etsy's notification is attached as Exhibit K.

29. On information and belief, Defendants knowingly and intentionally filed improper takedown notices against York Sign Shop in order to remove items that competed with their own business.

30. Defendants were aware at the very latest by November 2, 2015, following York Sign Shop's letter to Li-Jen Shen, that York Sign Shop's products did not infringe the patents-at-issue and that the '279 patent would be deemed invalid if enforced in court.

31. On information and belief, Defendants intentionally did not respond to York Sign Shop's letter to induce York Sign Shop into relying on Defendants' silence and cause York Sign Shop to

7

repost the items taken down so that Defendants could issue a third takedown notice and potentially cause Etsy to shut down York Sign Shop for repeated infringement notices.

32. Within one day after the physical receipt of the October 30 letter, Defendant Alexandros Anastasiadis assigned his patents to Castle Rock. On information and belief, Defendant Alexandros Anastasiadis sought to reduce his personal liability for falsely asserting infringement.

33. Because Castle Rock has the same operating address as Alexandros Anastasiadis, because Alexandros Anastasiadis is Castle Rock's sole officer and sole member, and because Alexandros Anastasiadis used Castle Rock's assigned patents for his sole benefit in wrongfully eliminating competition to his Running on the Wall business, Castle Rock is the alter ego of Alexandros Anastasiadis. Alternatively, on information and belief, Alexandros Anastasiadis is personally liable for his wrongdoing as the sole corporate officer of Castle Rock and cannot rely on its corporate form to shield his liability.

34. On information and belief, Defendants are engaged in a pattern of submitting bad-faith notices of patent infringement against competitors to Running on the Wall.

35. Jenny Doke operates another competing Etsy store, Strut Your Stuff Sign Co. ("Strut Your Stuff"), that sells running-themed goods including wall displays for medals and race bibs.

36. On information and belief, on or around October 26, 2015, Etsy notified Ms. Doke that Alexandros Anastasiadis had filed multiple notices of intellectual property infringement alleging that various items offered for sale by Strut Your Stuff infringed the patents-at-issue. On information and belief, in accordance with the notices, Etsy deactivated the allegedly infringing listings on Strut Your Stuff's Etsy site.

37. On October 26 and 27, 2015, counsel for Ms. Doke, Jonathan Bay, sent two letters to Etsy's legal department alleging invalidity and non-infringement. Those letters are attached as Exhibits L and M, respectively.

38. On November 13, 2015, Mr. Bay sent a cease and desist letter to Li-Jen Shen alleging non-infringement and invalidity. The letter explained that the allegedly infringing Strut Your Stuff products do not feature the necessary arrangements of hooks, as Strut Your Stuff products feature only a single row of non-trapezoidal bib hooks and a single row of medal hooks. The letter is attached as Exhibit N.

39. On information and belief, Defendants have improperly and repeatedly submitted false or misleading notices of infringement, attempting to expand their patent rights beyond the scope of the claims of the patents-at-issue. If permitted to continue, Defendants can and will continue to improperly allege infringement of any displays for medals and race bibs that are sold in competition with Running on the Wall's products, abusing Etsy's Intellectual Property Policy to force competitors out of business.

## FEDERAL CLAIMS

### COUNT I:

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. D698,279

40. Plaintiff re-alleges and incorporates by reference all of the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

41. An actual and justiciable controversy exists between York Sign Shop and Castle Rock as to the infringement of the '279 patent by virtue of the allegations of infringement of the '916 patent.

42. York Sign Shop's manufacture, sale, and offers to sell its allegedly infringing products in the United States have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '279 Patent.

43. The allegations of patent infringement by Defendants have caused Etsy to remove listings for products and are causing lost revenues and business opportunities causing irreparable injury to York Sign Shop.

44. Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '279 Patent.

## COUNT II:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. D722,916

45. Plaintiff re-alleges and incorporates by reference all of the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

46. An actual and justiciable controversy exists between York Sign Shop and Castle Rock as to the infringement of the '916 Patent.

47. York Sign Shop's manufacture, sale, and offers to sell its allegedly infringing products in the United States have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '916 Patent.

48. The allegations of patent infringement by Defendants have caused Etsy to remove listings for products and are causing lost revenues and business opportunities causing irreparable injury to York Sign Shop.

49. Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '916 Patent.

## COUNT III:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. D722,917

50. Plaintiff re-alleges and incorporates by reference all of the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

51. An actual and justiciable controversy exists between York Sign Shop and Castle Rock as to the infringement of the '917 Patent.

52. York Sign Shop's manufacture, sale, and offers to sell its allegedly infringing products in the United States have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '917 Patent.

53. The allegations of patent infringement by Defendants have caused Etsy to remove listings for products and are causing lost revenues and business opportunities causing irreparable injury to York Sign Shop.

54. Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '917 Patent.

## COUNT IV:

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. D698,279

55. Plaintiff re-alleges and incorporates by reference all of the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

56. An actual and justiciable controversy exists between York Sign Shop and Castle Rock as to the infringement of the '279 Patent.

57. The claims of the '279 Patent are invalid for failure to meet one or more of the requirements of patentability set forth in 35 U.S.C. §§101 et seq., including, but not limited to, §§ 101, 102, 103 and 112.

58. York Sign Shop is entitled to judgment declaring that the '279 Patent is invalid.

## STATE LAW CLAIMS

## COUNT V:

## INTENTIONAL INTERFERENCE

59. Plaintiff re-alleges and incorporates by reference all of the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

60. York Sign Shop has an existing business relationship with Etsy and with Etsy buyers for the sale of wall displays for medals and race bibs.

61. Defendants were aware of York Sign Shop's relationship with Etsy and Etsy buyers.

62. Defendants intended to cause the breach or termination of York Sign Shop's business relationships with Etsy and Etsy buyers by falsely alleging patent infringement.

63. The Defendants' motive was improper, as Defendants intended to shut down competitors to their Running on the Wall Etsy business.

64. The Defendants' means were improper, as Defendants intended to expand their patent rights beyond the patent claims to cover any and all wall displays for medals and race bibs that may be sold by competitors.

65. York Sign Shop has suffered damages in the form of lost revenues, lost business opportunities, and damage to reputation resulting from the infringement allegations and subsequent takedown of the allegedly infringing items.

66. Furthermore, even if York Sign Shop is awarded monetary damages, it may be unable to collect on the judgment due to the transfer of the patent assets into a Limited Liability Corporation in an effort by Mr. Anastasiadis to render himself judgment-proof.

## COUNT VII:

### UNFAIR COMPETITION IN VIOLATION OF T.C.A. §§ 47-18-101 ET SEQ.

67. Plaintiff re-alleges and incorporates by reference all of the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

68. Defendants have conducted "unfair or deceptive acts or practices affecting the conduct of" York Sign Shop's "trade or commerce" as prohibited by T.C.A. § 47-18-104.

69. These acts are a part of a larger pattern of unfair and deceptive practices whereby Defendants seek to eliminate competition to their business.

70. York Sign Shop is permitted a private right of action for Unfair Competition in accordance with T.C.A. § 47-18-109.

71. Defendants have disparaged York Sign Shop's goods, services, and business by falsely alleging to Etsy that York Sign Shop's products infringe the '916 and '917 patents.

72. By falsely alleging infringement and causing the takedown of York Sign Shop's allegedly infringing items, Defendants engaged in an act that is deceptive to Etsy buyers and Etsy.

73. Defendants have issued these false takedowns willingly, knowingly, and in bad faith.

74. Absent remedy, Defendants will be able to continue to unfairly and deceptively disrupt York Sign Shop's business by continuing to allege infringement, forcing the takedown of items, and threatening the spectre of termination of York Sign Shop's Etsy store in accordance with Etsy's Intellectual Property Policy.

# OTHER CLAIMS

## REQUEST FOR RELIEF

WHEREFORE, York Sign Shop requests judgment against Defendants and respectfully prays that this Court enter orders that:

A. Declare that York Sign Shop has not committed any act of direct and/or indirect infringement of the '279 patent, the '916 patent, or the '917 patent with respect to products that York Sign Shop makes, uses, offers for sale, or sells, including specifically, but not necessarily limited to the allegedly infringing products;

B. Declare the claims of the '279 patent invalid;

C. Temporarily and permanently restrain and enjoin Defendants, their agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging York Sign Shop or its agents, distributors, or customers with infringement of the '279 patent, the '916 patent, or the '917 patent, and from otherwise using the '279 patent, the '916 patent, or the '917 patent to interfere in any way with York Sign Shop's manufacture, use, offer for sale, or sale of York Sign Shop's allegedly infringing products;

D. Find this case exceptional pursuant to 35 U.S.C. § 285, and award York Sign Shop its reasonable attorney's fees, expenses, and costs in this action;

E. Treble compensatory damages in accordance with T.C.A. § 47-18-109(a)(3);

F. Award reasonable costs and attorney's fees in accordance with T.C.A. § 47-18-109(e)(1); and,

G. Grant York Sign Shop such other or further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, respectfully demands a trial by jury of any issues triable of right by a jury.

Dated:                                                  Respectfully Submitted,


                                                        PATTERSON INTELLECTUAL PROPERTY
                                                        LAW, P.C.

                                            By:         _____
                                                        John F. Triggs (BPR # 026718)
                                                        Ryan D. Levy (BPR # 024568)
                                                        Roundabout Plaza, Suite 500
                                                        1600 Division Street
                                                        Nashville, TN 37203
                                                        T: (615) 242-2400
                                                        F: (615) 242-2221
                                                        jft@iplawgroup.com
                                                        rdl@iplwagroup.com

                                                        *Attorneys for Nathaniel and Tamara York, d/b/a/*
                                                        *York Sign Shop.*

15

Case 2:15-cv-00068   Document 1   Filed 11/19/15   Page 15 of 17 PageID #: 15

## **VERIFICATION**

I, Nathaniel York, declare as follows:

1. I verify under penalty of perjury under the laws of the United States of America that I have read the foregoing Verified Complaint, that the information stated therein as factual is true, and those factual matters which are stated upon information and belief are believed to be true.

2. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on  11/19 , 2015

_____
Nathaniel York

16

## VERIFICATION

I, Tamara York, declare as follows:

1. I verify under penalty of perjury under the laws of the United States of America that I have read the foregoing Verified Complaint, that the information stated therein as factual is true, and those factual matters which are stated upon information and belief are believed to be true.

2. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on 11/19, 2015

_Tamara York_
Tamara York